Meyer, J.
(dissenting). Precedent long established gives conclusive effect to prior judgments only where the issue of fact as to which preclusion is sought was essential to the judgment (e.g., Hinchey v Sellers, 7 NY2d 287, 296). On the basis of precedent alone, therefore, reversal is in order.
Reversal is, however, required by logic as well. What the majority is saying, in essence, is that Judge Moriarty’s finding of contributory negligence was essential to the judgment *57 in the sense that it was in the interest of both the parties and the judicial system for him to pass upon the contributory negligence issue even though he could have dismissed the claim solely on the ground that the State was not negligent. Deciding both issues saves the parties and the State the time and money waste of a new trial if the determination on appeal is that he was wrong on the negligence issue. If the only basis for the requirement of essentiality is that dictum may not be carefully considered there is logic in saying that a Judge conscientious enough to decide both issues (and careful enough to label his decision of the contributory negligence issue "unnecessary to a decision herein”) will give no one short shrift.
But the matter does not end there. If well-considered dictum is to be accorded the status of a conclusive finding, then there are here alternate findings of nonnegligence and contributory negligence. The majority, however, rejects the Restatement view (Restatement, Judgments 2d [Tent Draft No. 4], § 68, Comments h, i) that neither alternative finding can be conclusive,[1] reasoning that its predicate, the practical unavailability of an appeal, is "unrealistic” supposition. To me the shoe is on the other foot; it is the majority which indulges unrealistic supposition.
Rules of preclusion, by whatever name, are essentially rules " 'of justice and fairness’ ” (Hinchey v Sellers, supra, at p 294) adopted in furtherance of the policy of conserving judicial resources and protecting the winning litigant against the expense and harassment of relitigating a question already decided. They are, however, a means to an end, not an end in themselves. And because they are rules of policy predicated on fairness, the absence of a right to appeal is held to proscribe preclusion (Restatement, Judgments 2d [Tent Draft No. 4], § 68, Comments h, i; § 68.1, Comment a; Developments in the Law — Res Judicata, 65 Harv L Rev 818, 847). It is the absence of a meaningful appeal upon which the Restatement relies in denying preclusive effect to alternative determinations, reasoning that when the record strongly supports the lower court’s finding on one issue, the losing party will be dissuaded, if not foreclosed, from appealing in order to preserve his position on the (to him) wrongly decided second issue.
*58 Far from being unrealistic, that "supposition” is more than likely why the Court of Claims judgment was not appealed by Malloy, for it was essentially Trombley’s negligence, not any act of the State, which caused Malloy’s injuries. To require Malloy to appeal is to impose upon the court system an appeal destined to failure as to Malloy’s claim against the State,[2] is to waste judicial time[3] and to mandate what appellate counsel generally would consider "unrealistic” action, the deck being as strongly stacked against Malloy as it would be on such an appeal.
Professor Maurice Rosenberg noted in 1969 that "the New York courts have set a hectic pace in expanding the applicability of collateral estoppel” (Rosenberg, Collateral Estoppel in New York, 44 St John’s L Rev 165, 171). In my view our recent decisions have accelerated that expansion until the means threatens to become the end, to the detriment of litigants foreclosed by it, and without reasonable relation to the policy factors giving rise to the doctrine in the first instance.
Whether because the contributory negligence finding was dictum or because it was an alternative finding, I would deny it preclusive effect. I, therefore, vote to reverse and remit for further proceedings.
Chief Judge Cooke and Judges Jasen and Fuchsberg concur with Judge Jones; Judge Fuchsberg concurs in a separate opinion; Judge Gabrielli dissents and votes to reverse in another opinion in which Judges Wachtler and Meyer concur; Judge Meyer concurs in a separate dissenting opinion.
Order affirmed.

. I have not overlooked Sheldon v Edwards (35 NY 279). As Halpern v Schwartz (426 F2d 102, 107, n 4) indicates, it is one of three decisions squarely inconsistent with the Restatement’s position. Furthermore, it did not discuss the appeal limitation.

. A failure which might only strengthen, as to his claim against Trombley, the preclusive effect of the judgment on the contributory negligence issue (see Restatement, Judgments 2d [Tent Draft No. 4], § 68, Comment o).

. As noted in Halpern v Schwartz (426 F2d 102, 106), a rule according estoppel effect to alternative findings "at best would preclude some future trial litigation at the expense of currently creating extra appellate litigation.”